## UNITED STATES v. OUWERKERK.

(Circuit Court, S. D. New York. May 14, 1907.)

### No. 4,136.

CUSTOMS DUTIES—CLASSIFICATION—EVERGREEN SEEDLINGS—"EVERGREENS."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 252, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1650], the provision for "evergreen seedlings" is not restricted to such evergreen plants as the conifers and box, but extends to those that retain their verdure or greenness throughout the year; and seedlings of rhododendrons and laurels, that remain green constantly, are included in said provision.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,169 (T. D. 26,772), reversing the assessment of duty by the collector of customs at the port of New York on importations by P. Ouwerkerk.

The Board's opinion reads as follows:

WAITE, General Appraiser. The merchandise consists of a variety of trees and shrubs, returned by the appraiser as "nursery stock," and assessed for duty by the collector at 25 per cent. ad valorem under the last clause of Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 252, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1650]. The goods are claimed to be dutiable at $1 per 1000 plants and 15 per cent. ad valorem, under the same paragraph, as "evergreen seedlings." The relevant provisions of paragraph 252 are as follows:

"252. * * * Evergreen seedlings, one dollar per thousand plants and fifteen per centum ad valorem; * * * stocks, cuttings and seedlings of all fruit and ornamental trees, deciduous and evergreen, shrubs, and vines, manetti, multiflora, and brier rose and all trees, shrubs, plants and vines commonly known as nursery or greenhouse stock, not specifically provided for in this act, twenty-five per centum ad valorem."

The appraiser reports that most of the plants are well-known evergreen trees, of such common varieties as fir, cypress, cedar, box, etc., but that the plants of those varieties in the importation are in no sense seedlings, having been either grafted, budded, or grown from cuttings. There is direct conflict between the statements of the appraiser and the testimony of the importer; the latter declaring that the plants are evergreens grown from seed. The testimony of the importer, however, is uncorroborated, is not very full or satisfactory, and, in view of his interest in the case, cannot be regarded as supplying the necessary preponderance of evidence to overcome the effect of the appraiser's reports, which are carefully drawn and presumably based upon adequate investigation of the facts. We accordingly find the facts to be as

reported by the appraiser, so far as concerns the plants above referred to. In the Board decision in Re Rolker, G. A. 5,305 (T. D. 24,305), the provision for "evergreen seedlings" in said paragraph 252 was construed to apply to evergreens grown from seed, as distinguished from those propagated by cuttings, budding, or grafting; the latter class falling under the last subdivision of the paragraph. That ruling was never appealed from, and will govern here.

Three other varieties of plants are involved, designated respectively, "Aucuba japonica," "Rhododendron ponticum," and "Kalmia latifolia," which are conceded by the appraiser to be evergreen seedlings. As will be seen hereafter, these plants are species of rhododendron or laurel, or similar plants. The appraiser's reasons for returning them as nursery stock rather than as evergreen seedlings are perhaps best stated in the following excerpt from his report: "The term 'evergreen seedlings,' as employed in the tariff, is believed to refer to the same kind of trees that are commonly called 'evergreens' by the public, and which include the pine, cypress, fir, cedar, and other well-known trees, and in its application is confined exclusively to the conifers and box, and the common understanding of the word 'evergreens' has been followed by this office. Any other interpretation could not fail to result in confusion; for, if the term 'evergreen seedlings' were to apply to the seedlings of all evergreen trees and shrubs, it would cover orange and lemon trees, which are truly evergreen, araucarias, a variety of plants extensively grown under glass in this country and usually attaining a height of 18 inches, yet in its native place (Norfolk Islands) it is a ponderous evergreen tree 150 feet high and 20 feet in circumference, and many other plants."

It is believed the construction adopted by the appraiser places a narrower limitation upon the statute than the ordinary meaning of the language justifies. "Evergreen," used as an adjective, means "always green: verdant throughout the year" (Century Dictionary); or "retaining greenness or verdure throughout the year; not deciduous" (Standard Dictionary). As a noun the word is defined as "a plant that retains its verdure through all seasons, as the pine and other coniferous trees, the holly, laurel, holm oak, ivy, rhododendron, and many others" (Century Dictionary). In the provision for "evergreen seedlings," the word is doubtless used by way of contrast with "deciduous," as indicated in the provision for "fruit and ornamental trees, deciduous and evergreen." A deciduous plant is one which loses its leaves, etc., every year, especially in the autumn. The appraiser evidently thinks his action conforms to the trade understanding of the term. We hesitate to find, however, upon the facts reported by him, that a trade use of the term "evergreen seedlings," more restricted than its common use, existed at the time of the passage of the act, or was so well known as to impress itself upon the language adopted by Congress.

That the plants under discussion are evergreen in the commonly accepted sense of the term is apparent from standard authorities, if not from the record. Aucuba japonica, sometimes called the "Japanese laurel," is one of the best known species of aucuba, "a small genus of Asiatic evergreen shrubs of the dogwood family." "Aucuba," "Laurel," Standard and Century Dictionaries. English botanical works speak of aucuba as fine, hardy evergreen shrubs, thriving better than any others in the smoky atmosphere of dense cities. Paxton's Botanical Dictionary, p. 60; Nicholson's Dictionary of Gardening, vol. 1, p. 145; Lindley's Treasury of Botany, p. 110. Of rhododendrons the Century Dictionary says that "the leaves in the typical species, forming the section rhododendron proper, are evergreen," and, again, that they "are handsome shrubs, much cultivated for their evergreen, leather leaves," etc.; that "the pontic rhododendron (R. ponticum) is the most common species of European gardens, hardy only as a low shrub in the northern United States." The Encyclopedia Britannica says: "The varieties grown in gardens are mostly derived from the pontic species (R. ponticum) and the Virginian (R. catawbiense). These are mostly hardy in England. The common pontic variety is excellent for game covert from its hardiness," etc. The genus Kalmia is said to comprise "six species of ornamental hardy evergreen shrubs," of which Kalmia latifolia is the best known and most grown species. Nicholson's Dictionary of Gardening, vol. 2, p. 216. This species is widely

known in the United States as the American laurel ("Kalmia," Century Dictionary).

The appraiser does not deny that the plants referred to are evergreens in this broad sense, but states that the Aucuba japonica is cultivated in this country almost exclusively as a decorative shrub and grown under glass, and that if exposed to the winters of this climate it would perish. He admits that the Rhododendron ponticum is hardy in our usual winters, but maintains that neither that plant nor the Kalmia latifolia is hardy in all sections of the United States. In our judgment, however, inquiry as to whether a plant is hardy or not in a particular locality or under given climatic conditions is not the proper test to determine its tariff classification as an evergreen. It is sufficient if it fall within the general class of evergreen plants. The protests are sustained with respect to Aucuba japonica, Kalmia latifolia, and Rhododendron ponticum, and overruled as to all other merchandise.

The collector's decision is reversed to the extent indicated.

D. Frank Lloyd, Asst. U. S. Atty.

Hatch & Clute (Walter F. Welch, of counsel), for importer.

PLATT, District Judge. Decision affirmed.